# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-1572V**

| | |
|---|---|
| JESSICA JOHNSON,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: October 13, 2026 |

*Chellis Garcia, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*Kristen Bonjour, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 22, 2025, Jessica Johnson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") following influenza and pneumococcal pneumonia vaccinations she received on November 3, 2024. Petition, ECF No. 1. On May 18, 2026, I issued a ruling on entitlement finding Petitioner entitled to compensation. ECF No. 21. On June 5,

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

2026, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 26.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $50,934.10 (representing $48,511.50 in fees plus $2,422.60 in costs). Motion for Payment of Petitioner's Attorney Fees and Reimbursement of Case Costs ("Motion") filed September 14, 2026, ECF No. 32. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 32-4.

Respondent reacted to the motion on September 28, 2026, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at ECF No. 33. Also, on September 28, 2026, Petitioner filed a reply requesting that the amount of fees and costs in the Motion be awarded. ECF No. 34.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for attorney work performed through 2026 are reasonable and consistent with our prior determinations and will therefore be awarded herein. And all time billed to the matter was also reasonably incurred.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 32-3 at 3-43. I find the requested costs to be reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $50,934.10 (representing $48,511.50 in fees plus $2,422.60 in costs), to be paid through an ACH deposit to Petitioner's counsel of record IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master